## WOODLIE *v.* TOWLES AND WIFE.

HOMESTEAD. *Debt contracted before passage of law. Statute of limitations. New promise after passage of law.* The statute of limitations operates *only* to bar the remedy; a new promise, therefore, is not the substantive cause of action, but the original debt. Hence, under the act of 1870, a homestead is not exempt from the payment of a debt contracted *before* its passage, although the bar of the statute has been completed, if the new promise is made *subsequently* thereto.

Cases cited: 7 Yer., 543; 4 Yer., 74; 9 Yer., 63; 2 Swan, 513.

### FROM WARREN.

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

JONES & LIND for complainant.

W. V. WHITSON and JAS. S. BARTON for defendant.

Woodlie *v.* Towles.

DEADERICK, C. J., delivered the opinion of the court.

In 1866, and before the passage of the homestead law, the defendant owed the complainant a debt evidenced by note. In 1872 he promised to pay this note. After this promise was made and more than six years after the note fell due, suit was brought upon its face and judgment recovered.

The defendant insists that conceding that the promise proved is sufficient to avoid the bar of the statute of limitation, that such promise is a new cause of action, and as it was made subsequently to the passage of the homestead law, that he is entitled to have exempted from the judgment the homestead under the act of 1870. It is true that the promise to pay a debt barred by the statute of limitation is often spoken of in the books as giving a new cause of action, and it has been said that the action must be on the new promise. 6 McLean, 189.

So it has been said by this court that a claim barred by the statute is deemed in law extinguished and discharged, and that the new promise is no continuation of the old contract, although such original contract furnished a sufficient consideration for the new agreement. *Belote* v. *Wayne*, 7 Yer., 543, citing *Bell* v. *Morrison*, 1 Peters, 351. If a debt is extinguished and discharged by the bar of the statute, and the promise to pay it is a new and substantive cause of action, it would seem logically to follow that the action should be brought upon the new cause, or the promise to pay, and not upon the extinguished and

38—VOL. 9.

discharged debt. But this court has also held that in personal actions to enforce executory contracts the statute of limitations only operates as a bar upon the remedy, and from this deducts the conclusion, that a distinct and unequivocal acknowledgment will revive the debt. 7 Yer., 74.

It would perhaps hove been more accurate to say, such acknowledgment would revive or restore the remedy. The debt was not extinguished, but the remedy was lost by the operation of the statute. But in the later cases this court has held that in personal actions upon contracts, the statute of limitations bar the remedy only and do not extinguish the debt.

In one case Judge Reese, in referring to the use of the words "extinguishment," and "extinction," as employed by Justice Story in reference to claims barred by the statute, says "it is believed that the learned judge means total extinction of the remedy only," and adds, that perhaps in every instance where the law creates a bar it acts upon the remedy; the party himself extinguishes the debt. 9 Yer., 63–4. And Judge McKinney says, in a still more recent case: "A statute of limitaaions in the nature of a negative prescription applies not to the right, but merely to the remedy. The debt is not extinguished, nor the right destroyed, and hence upon the express promise or admission of the debtor, the payment of the debt may be afterwards enforced." 2 Swan, 513.

In a number of cases cited in note to section 441, of 2 Gr. Ev., the rule in Massachusetts and New York is stated to be that the new promise by which

a debt is taken out of the operation of the statute of limitations, does not create a new and substantive cause of action, but operates only as a waiver of a defense to an action on the old promise and the removal of the bar of the statute; this is the original debt which constitutes the ground of action and forms the basis of the payments.

It is upon this theory and principle that suits are instituted and conducted upon debts *prima facie* barred. The mode of proceeding in our courts is to institute an action of debt upon a note, although upon its face it appears to have fallen due more than six years before the suit is commenced.  This note is declared upon and made profert of by the declaration.  If the defendant plead the statute of six years it is a good defense, and defeats the recovery.  If, however, it is replied that within six years before suit began the defendant promised to pay the note sued on, and this replication is proved, the plaintiff obtains judgment, not upon the new promise, but upon the note with interest from the time it fell due.

So it appears the plaintiff sues and recovers upon the note, and it is this note which determines the extent of defendant's liability, and the new promise or acknowledgment within six years had only the operation of defeating the effect of the plea of the statute. 2 Gr. Ev., sec. 441.  The new promise relieves the old debt from the operation of the statute, and the statute no longer constitutes a defense to recovery upon it.  We have repeatedly held that if a debt was contracted before the passage of the homestead

law, and after its passage a new note is taken for the debt, the homestead would not be exempt from an execution issued upon a judgment obtained upon such new note. Yet in such a case the debt for which the new note was executed would be extinguished, but the consideration for the new note was the antecedent or old debt.

So in this case, although it should be admitted that the new promise is a new cause of action, as in the case of the new note for the old debt, all the cases and authorities hold that the barred debt is a sufficient consideration for the new promise to pay it, and even in this aspect the homestead would be liable. But we are of opinion that the new promise is not the ground of action, but that the effect is to restore the remedy upon the original debt, and that this original debt is the foundation of the action and the basis of the judgment.

It results from the foregoing opinion that the chancellor's decree should be reversed.